UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LISA L. MORRIS, | ) | No. CV 12-03345-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1.   Whether  the  Administrative  Law  Judge  ("ALJ")  properly

1        considered the medical evidence as contained in the treating

2        opinion of Elise Orzeck, DPM.

3 (JS at p. 5)

4

5     This Memorandum Opinion will constitute the Court's findings of

6 fact and conclusions of law.  After reviewing the matter, the Court

7 concludes that the decision of the Commissioner must be affirmed.

8

9 **I**

10 **THE ALJ PROPERLY CONSIDERED THE EVIDENCE**

11 **FROM TREATING DPM, DR. ORZECK**

12     On January 16, 2006, Plaintiff fell from a ladder, severely

13 injuring her ankle.  She went to physical therapy, and also began

14 seeing podiatrist Felice Orzeck.[1]

15     After her applications for disability insurance benefits and

16 Social Security Insurance ("SSI") were administratively denied,

17 Plaintiff[2] proceeded to a hearing before the ALJ (AR 23-61), following

18 which an unfavorable decision was issued. (AR 10-19.)  Plaintiff takes

19 issue with the ALJ's evaluation of the opinion of her treating

20 podiatrist, Dr. Orzeck.

21     After reviewing the evidence, the ALJ determined that Plaintiff's

22 Residual Functional Capacity ("RFC") enables her to lift 20 pounds

23 occasionally and 10 pounds frequently; she can stand and walk, with

24 _____

25     [1]  Plaintiff's testimony was that she believed she began seeing
Dr. Orzeck in 2006 (AR 35).  Dr. Orzeck indicated her first patient
26 contact with Plaintiff was in 2007. (AR 319.)

27     [2]  Plaintiff is known as Lisa Morris, although at the
administrative hearing, the ALJ referred to her as Lisa Morris Flores.
28 (AR 25.)

normal breaks, for a total of two hours in an eight-hour workday, and she can sit, with normal breaks, for a total of six hours in an eight-hour workday.  She has some exertional limitations. (AR 14.)

In arriving at the RFC, the ALJ considered Dr. Orzeck's opinion, along with the opinions of other examining and non-examining sources. This analysis is reflected in the Decision at AR 14-16.  Among the opinions considered by the ALJ was that of Dr. Tom, who performed an orthopedic consultative examination ("CE") on September 4, 2009 at the request of the Department of Social Services. (AR 213-219.) Following Dr. Tom's examination, which included what appears to be complete objective testing (see, AR 214-218), he assessed that Plaintiff can lift and carry 20 pounds occasionally and less than 10 pounds frequently; can stand and walk six hours in an eight-hour day with the appropriate breaks and orthopedic braces for the right foot; can sit six hours out of an eight-hour day with appropriate breaks; and, that there are no upper extremity or left leg, neck, or lumbar spine fractures that would affect her functional ability to a significant extent. (AR 218.)  Dr. Tom's report was summarized by the ALJ (AR 14-15), who concluded that Plaintiff's examination was "essentially normal and with only limited range of motion of [Plaintiff's] right foot." (AR 14.)  Plaintiff does not dispute the ALJ's summary of Dr. Tom's examination, nor does she argue that Dr. Tom's examination was faulty, or that his conclusions were incorrect.

Plaintiff also had extensive physical therapy, and, again, the ALJ made substantial reference to that in his Decision. (AR 15-16.) Summarizing the physical therapy treatment notes, the ALJ concluded that they indicate that Plaintiff had good balance, and she had "improved gait activity, increased push off, decreased pain symptoms

1   [and] tolerated exercise well." (AR 14-16, 199, 204, 218.)

2       The ALJ also relied upon, and in fact agreed with the physical
3   RFC assessment of the State Agency physician, Dr. Bayer. (AR 14, 221-
4   226.)

5       In contrast to the conclusions of these examining and non-
6   examining sources, Plaintiff highlights the "Physical Residual
7   Functional Capacity Questionnaire" ("Questionnaire") completed by
8   podiatrist Dr. Orzeck on August 5, 2010. (AR 319-322.) The ALJ
9   depreciated Dr. Orzeck's conclusions, giving them "less weight"
10  because he found that they were not well supported by medically
11  acceptable clinical and laboratory diagnostic techniques, and were
12  otherwise not consistent with other substantial evidence in the
13  record. (AR 15.) In addition to that, the ALJ concluded that Dr.
14  Orzeck's own treatment records did not support the functional capacity
15  restrictions set forth in the Questionnaire. (Id.) As noted, this is
16  Plaintiff's area of dispute with the ALJ's assessment.

17      Plaintiff contends that because Dr. Tom and Dr. Orzeck relied
18  upon the same evidence, but reached different conclusions, the ALJ's
19  rejection of Dr. Orzeck's opinion must be supported by specific and
20  legitimate reasons supported by substantial evidence in the record.
21  (See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Social
22  Security Rulings ("SSR") 96-2p and 96-8p.) But the Court's review of
23  the ALJ's Decision indicates that specific and legitimate reasons
24  were, indeed, provided in the Decision. First, the ALJ pointed to
25  reports of x-rays and CT scans in 2006 and 2007 which indicated
26  progressive and substantial healing of the injured areas. (AR 15, 232,
27  234, 263.)

28      The ALJ also pointed to Dr. Orzeck's own treatment notes. For

4

example, in August 2009, Dr. Orzeck noted that Plaintiff had tried various drugs, and 12 sessions of physical therapy, but had not had any injections to her injured foot/ankle area.  Dr. Orzeck recommended a heel cup and follow up with her original surgeon. (AR 16, 212.) Similarly, the ALJ noted that in August 2010, Dr. Orzeck remarked that Plaintiff reported that she was exercising in bed, doing pushups, leg kicks, and crunches.  Dr. Orzeck prescribed Aspercreme for her foot pain and indicated that Plaintiff should return in four months. (AR 16, 327.)

The ALJ was mostly concerned with the fact that the extreme limitations assessed by Dr. Orzeck in the Questionnaire were not supported by or reflective of Dr. Orzeck's own observations and her extensive treatment notes.  Plaintiff objects to this characterization because she believes that treatment notes of a medical provider need not reflect exertional limitations which may be assessed by that source. (JS at 7-8.)  The Court disagrees with this analysis.  One would naturally expect that treatment notes would be consistent with conclusions contained in a summary questionnaire, especially where the latter assesses quite extreme physical limitations.  It is fair to allow an adjudicator to compare treatment notes, especially over an extensive period of time, as is the case here, with later conclusions rendered by the same source in a questionnaire.

In addition to these reasons, and as the Court has already noted, the ALJ also relied upon reports of the physical therapist, which showed substantial improvement during the course of treatment and, moreover, reflect conclusions which are inconsistent with those reported by Dr. Orzeck in the Questionnaire.

Finally, the ALJ was entitled to rely upon the conclusions of the

1  State Agency physician, which were consistent with those of Dr. Tom.

2  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

3      While Plaintiff complains that the ALJ should not have relied

4  upon the State Agency physician's opinion because it predated Dr.

5  Orzeck's opinion by about 11 months, in this case, that argument is

6  unpersuasive because there is no evidence of deterioration of

7  Plaintiff's condition in the intervening time period.

8      Thus, the Court concludes that the ALJ relied upon substantial

9  evidence, and correctly evaluated the evidence in the record in

10 determining that Plaintiff was not disabled.  The Court does find that

11 the ALJ articulated a legally sufficient rationale to reject Dr.

12 Orzeck's opinion.

13     The decision of the ALJ will be affirmed.  The Complaint will be

14 dismissed with prejudice.

15     **IT IS SO ORDERED**.

16

17 DATED: March 28, 2013          /s/
                               VICTOR B. KENTON
18                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28